STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-224
PAE - YOR 4/13 ROS

KAREN DENAULT, Personal
Representative of the Estate of
NICHOLE MILLER,

Plaintiff

v.                                                          **ORDER**

CARL J. HOLTON, et al.,

Defendants                                        MAY 25 2004

This lawsuit involves a tragic incident on August 29, 2001 in South Berwick where a pedestrian Nichole Miller was struck and killed by an automobile driven by Carl Holton shortly after getting out of the motor vehicle of her boyfriend Duncan Rea after it had stopped in Mr. Rea's driveway. In her initial complaint she sued Carl Holton, his mother Shannon Holton and Duncan Rea. A settlement has been reached with the Holtons and a five count amended complaint has been filed solely against Duncan Rea. These five counts present three theories upon which liability might be based. Defendant Rea has moved for summary judgment and filed a motion to strike a portion of the affidavit of a witness for the plaintiff.

Mr. Rea was insured under an automobile policy which, as policies do, provided uninsured and underinsured motorist coverage for others who were "occupying" defendant Rea's vehicle. The policy defined "occupying" as "in, on, getting into, out or off".

On August 29, 2001 Mr. Rea drove Ms. Miller from her house to his. As they approached his driveway Ms. Miller indicated that she wanted to check the mail in his

mailbox which was on the opposite side of the street from the driveway. Mr. Rea pulled into his driveway. Ms. Miller got out of his vehicle and indicated that she would walk and that he should proceed up the driveway to the house where she would meet him. He decided, however, to back down the driveway and decided to place the vehicle where she could get back into it on her way back from getting the mail. After she had gone to get the mail she started to return when, despite clear visibility, Mr. Holton hit and killed her.

The Maine Supreme Judicial Court addressed the issue of how to apply the definition of "occupying" in *Genthner v. Progressive Insurance Co.*, 681 A.2d 479 (Me. 1996). There the majority of the Court found that the meaning of the term "occupying" can be ambiguous when applied. In *Genthner*, Stephen Genthner was a passenger in the insured vehicle when it was rear-ended by a pickup truck. When he and the driver got out of their vehicle to investigate Mr. Genthner was hit by the other vehicle before it "sped away". See 479-80. The Court determined that while Mr. Genthner was not covered by a literal reading of the definition of "occupying", "He was a passenger in the insured vehicle at the time of the collision. But for the collision, he would have remained in the car. His effort to assist the driver in securing the license number of the other vehicle involved only a temporary interruption of the trip and was directly and reasonably related to the operation and use of the insured vehicle." *Genthner* at 482.

The *Genthner* case contains an extensive annotation in note 1 of the cases that have found that a person who was outside the vehicle was "occupying" it. While there are cases that define the term more strictly, see note 2, and while there was a dissent in *Genthner*, see 482-3, the cases cited in note 1 generally follow a common pattern. The injured person, while not strictly "occupying" the vehicle, was planning to get back into the vehicle or had at least not terminated their connection to the vehicle.

The current case is more difficult because Ms. Miller is deceased and cannot directly tell us what her intentions were. The evidence that is available indicates that she got out of Mr. Rea's car and was going to walk to the mailbox and then to his house. He may have wanted her to rejoin him in the vehicle so that they could drive up to the house together. There is no evidence that that was her intention. She was not planning on getting back into the vehicle. This was not a situation where her getting the mail was "only a temporary interruption of the trip", See 482. She did not intend to continue up the driveway in Mr. Rea's vehicle, rather she intended to walk. As she does not meet even a liberally construed definition of "occupying" she has no claim under the uninsured underinsured provisions of Mr. Rea's policy.

The second theory under which liability might exist is the claim that Mr. Rea was negligent in allowing Ms. Miller to get out of his vehicle and cross the road to get the mail. It was suggested that he should have checked the mail from his vehicle, not let her out, kept a better lookout or warned her of oncoming traffic.

In this case Ms. Miller was a capable high school aged person. She went to get the mail in daylight, with no precipitation and good visibility, in a place that she was presumably familiar with since she had known Mr. Rea for several years. Mr. Rea cannot be found negligent for stopping the car in the driveway and not prohibiting her from walking a short distance to the nearby mailbox. This is particularly so given the case of *Mastriano v. Blyer*, 2001 ME 134, 779 A.2d 951, where the Maine Supreme Judicial Court found no liability in a case involving the discharge of a highly intoxicated passenger by a cab driver.

The final claim against Mr. Rea involves his own driving as he backed down the driveway and approached Ms. Miller prior to her being struck by Mr. Holton's vehicle. It is alleged that Mr. Rea was negligent and that his negligence was a legal cause of Ms.

Miller's death. In support of these claims the plaintiff has submitted the affidavit of John H. Meserve, an accident reconstructionist. The defendant has filed a motion to strike paragraphs 8 and 10 of that affidavit. The motion is denied.

After reviewing Mr. Meserve's affidavit and the arguments of both counsel, it appears that, while the facts seem to strongly favor the defendant's position, there are genuine issues of material fact which preclude the granting of summary judgment on this argument.

In conclusion, Defendant Duncan Rea's motion for summary judgment is granted in part. The claims that Ms. Miller was "occupying" the vehicle or that Mr. Rea was negligent other than in his own operation of his motor vehicle as he backed down his driveway will not go forward.

The entry is:

Defendant Duncan M. Rea's motion for summary judgment is granted in part. Judgment for the defendant on Counts I and IV of the amended complaint.

Defendant Duncan Rea's motion to strike portions of John Meserve's affidavit is denied.

Dated: April 13, 2004

Gary H. Reiner, Esq. - PL
Mark Dunlap, Esq. - DEF. DUNCAN M. REA
Barri L. Bloom, Esq. - DEFS. CARL J. HOLTON
                        SHANNON HOLTON
                        a/k/a SHANNON M. ROWAN

Paul A. Fritzsche
Justice, Superior Court